UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRYEL HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   Case No. 3:06-0121 |
| | )   Judge Echols |
| FISERV SOLUTIONS, INC., | ) |
| FISERV, INC., PERSONIX- | ) |
| NASHVILLE and PATTERSON | ) |
| PRESS, | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM

Pending before the Court is Defendants' "Motion to Dismiss or, in the Alternative, Stay the Proceedings and Compel Arbitration" (Docket Entry No. 4) to which the Plaintiff has responded (Docket Entry No. 7) and Defendants have replied (Docket Entry No. 9).

### I. FACTUAL BACKGROUND

Plaintiff filed suit in the Circuit Court for Davidson County Tennessee alleging that after he suffered a compensable injury under Tennessee's worker's compensation statutes, he was wrongfully terminated. The case was removed to this Court based upon diversity of citizenship.

Plaintiff was employed as a machine operator at Defendant Fiserv Solutions, Inc.'s ("Fiserv") Nashville credit card manufacturing facility. During the hiring process, Plaintiff signed a "Mutual Agreement to Arbitrate Claims" ("Agreement") which

1

was also signed on behalf of Fiserv.  Because it is pivotal to resolution of the present motion to dismiss or stay, the scope of the arbitration provision is set forth in full:

**1. Scope of Arbitration**

The parties agree to submit to arbitration any and all disputes arising from or related to certain compensation matters and claims of discrimination or sexual harassment during the employment relationship, or the termination of employment between the parties for which a court otherwise would be authorized by law to grant relief.

Except as excluded in the following paragraph, the claims covered by this Agreement include, but are not limited to, claims for: amounts of compensation owed and due; claims concerning sexual harassment; termination claims concerning breach of any contract or covenant, express or implied, relating to employment, benefits or compensation; tort claims; discrimination claims, including but not limited to race, sex, religion, national origin, age, marital status, handicap, disability or medical condition; and claims for violation of any federal, state or other governmental constitution, statute, ordinance or regulation.

This Mutual Agreement to Arbitrate Claims does not apply to or cover claims for: the appropriateness of the employee's salary as compared to other employees or the outside labor market, merit increases in salary, promotions or demotions and their related salary action, commission plan rates; management bonus or employee incentive plan rates; disciplinary actions during the employment relationship except when the basis of such claim is discrimination; workers' compensation benefits or compensation; claims for unemployment compensation; claims by the Company for injunctive and/or other equitable relief for unfair competition and/or the use or unauthorized disclosure of trade secrets or confidential information; and claims based upon an employee pension or benefit plan, the terms of which contain an arbitration or other non-judicial dispute resolution procedure, in which case the provisions of such plan shall apply.

In utilizing this process and signing this agreement, the employee and the Company relinquish all rights to

> pursuing through the courts the claims covered by this Agreement.
>
> The parties further agree that this arbitration process shall be the exclusive means for resolving all disputes made subject to arbitration, including any issue or dispute concerning the Agreement itself.

(Bledsoe Decl. Ex. 1).

Plaintiff alleges that on April 1, 2004, he injured his right shoulder at work and underwent surgery on the shoulder on January 4, 2005. (Docket Entry No. 1 ¶¶ 7-9). Plaintiff was prescribed medicine which affected his ability to drive and was told by his doctor that he would not be able to return to work for six weeks. However, the doctor also issued a "contradictory note" which indicated Plaintiff could return to light duty in ten days. (Id. ¶¶ 10-11).

When Plaintiff did not return to work by January 18, 2005, his employment was terminated. This lawsuit alleging retaliatory discharge followed. Defendants move to dismiss or stay based upon the Agreement which they contend requires arbitration of Plaintiff's termination claim.

## II. LEGAL DISCUSSION

There is a strong presumption in favor of arbitration under the Federal Arbitration Act ("FAA"). Nguyen v. City of Cleveland, 312 F.3d 243, 244 (6th Cir. 2002). "The Sixth Circuit has repeatedly applied the FAA to arbitration agreements formed in the employment setting." Walker v. Ryan's Family Steak Houses, Inc.,

3

400 F.3d 370, 378 (6th Cir. 2005).

In this case, Plaintiff recognizes that enforcement of arbitration agreements, including those relating to employment, are favored. He nevertheless argues that the present agreement to arbitrate should not be enforced because his claim – retaliatory discharge for having filed a worker's compensation case[1] – is not covered by the Agreement.

Plaintiff asserts that while the Agreement clearly subjects the parties to arbitration with regard to sexual harassment, termination, breach of contract, tort and discrimination claims, it makes no mention of retaliation claims and specifically excludes from coverage claims relating to worker's compensation benefits. In Plaintiff's view, the absence of language relating to retaliation, coupled with the provision that worker's compensation claims are excluded, indicates the present dispute is not subject to arbitration. This Court disagrees.

While claims for "workers' compensation benefits or compensation" are specifically excluded from arbitration, a claim for retaliatory discharge as a result of exercising a claim to worker's compensation benefits does not arise under the worker's compensation law. The cause of action for retaliatory discharge

---

[1]The Complaint also alleges that the Defendants' actions violated the Tennessee Whistleblower's Act, T.C.A. § 50-1-304. However, Plaintiff has indicated that "a notice and order of non-suit is being prepared non-suiting this cause of action from the Complaint." (Docket Entry No. 7 at 2 n. 1).

4

was created by the Tennessee Supreme Court, not by the worker's compensation statute. Nixon v. Waste Mgt. Inc., 156 Fed. Appx. 784, 788 (6th Cir. 2005); see also, Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 204 (6th Cir. 2004)(same regarding Michigan law). That is, terminating an employee for receiving worker's compensation benefits is actionable as a common law tort because the firing violates public policy, just as any retaliatory discharge based upon an employer's violation of a clearly expressed statutory policy is actionable. Id.

The Agreement in this case specifically covers torts. It also specifically covers claims relating to the termination of employment. Plaintiff's claim is just that – a tort claim arising as a result of his termination. While retaliation is not listed among the claims subject to arbitration, it certainly is within the scope of the Agreement when one considers that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," including "construction of the contract language itself[.]" Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). Hence, Plaintiff's claim is subject to arbitration.

Defendants have alternatively moved to dismiss or to stay these proceedings. Section 3 of the FAA provides that proceedings in the district court shall be stayed when an issue in the proceeding is referable to arbitration. 9 U.S.C. § 3. While some

5

courts have chosen to dismiss the action in favor of arbitration, particularly where all of the issues in the case are arbitrable, see, e.g., <u>Lewis Tree Serv., Inc. v. Lucent Tech., Inc.</u>, 239 F.Supp.2d 332, 340 (S.D.N.Y. 2002); <u>Reynolds v. Halliburton</u>, 217 F.Supp.2d 756, 758 (E.D. Tex. 2002), others have indicated that the statute is mandatory and bespeaks of no exceptions: if any or all claims are arbitrable, the case must be stayed. <u>Lloyd v. Hovensa, LLC.</u>, 369 F.3d 263 (3d Cir. 2004). For its part, the Sixth Circuit has noted that there exists authority to dismiss the case where all claims are subject to arbitration, <u>Green v. Ameritech Corp.</u>, 200 F.3d 967, 973 (6th Cir. 2000), but has not indicated that this is either the required, or even preferred route. Since the statute states that the case *shall* be stayed and since there exists the possibility that the parties to the arbitration could conceivably seek assistance from the Court during the arbitration proceedings, <u>Lloyd</u>, 369 F.3d at 270,[2] the Court will stay these proceedings pending arbitration.

---

[2]As pointed out by the court in <u>Lloyd</u>, a party directed to arbitrate a claim may still seek assistance from the trial court for such things as disputes regarding the appointment of the arbitrator, to compel the attendance of witnesses, to punish for contempt, or to seek relief in the form of a judgment. <u>Id</u>. "If the plaintiff's case has been dismissed rather than stayed, the parties will have to file a new action each time the Court's assistance is required[.]" <u>Id</u>. Dismissing the action in lieu of staying the proceedings can lead to unnecessary procedural complexity, such as that presented in <u>Green</u>.

6

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Or, In the Alternative, Stay the Proceedings and Compel Arbitration (Docket Entry No. 4) will be granted insofar as Defendants seek a stay of proceedings pending arbitration. The parties will be ordered to arbitrate Plaintiff's claim. Pending resolution of the arbitration proceedings, this case will be administratively closed.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE